UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DAMIAN ORLOWSKI, et al.,

    Plaintiffs on behalf of themselves
    and all other similarly situated,

v.                                              No. 2:11-cv-01396
                                              JURY DEMANDED

LARRY BATES, et al.

    Defendants.

---

## ORDER GRANTING MOTION FOR APPOINTMENT OF A RECEIVER

This cause was before the Court on October 21, 2013, on the motion of Plaintiffs for the appointment of a Receiver to take charge of, control and manage First American Monetary Consultants, Inc., its subsidiary FAMCPM, LLC, Information Radio Network, Inc. and any other subsidiaries or affiliates through which these entities conduct business (the "Receivership Entities") for the purpose of bringing Defendants into compliance with Tennessee law and to protect Plaintiffs' assets under control of Defendants from dissipation.

After consideration of Plaintiffs' motion, memorandum in support, the affidavits in support of Plaintiffs' motion, argument of counsel, and the entire record of this cause, the Court finds that the motion for appointment of a receiver is well taken and should be granted; and therefore, it is now hereby ORDERED:

    1.    That attorney John L. Ryder, a member of Harris Shelton Hanover Walsh, PLLC, in Memphis, Tennessee, is hereby appointed as Receiver and bestowed with all rights and powers necessary to safeguard, collect, and manage the assets of the Receivership Entities;

2. That there shall be no complaint, counter-complaint or similar action initiated against the Receiver in his official or individual capacity for any of his actions as Receiver, or the law firm of Harris Shelton Hanover Walsh, PLLC, in connection with this receivership otherwise than by appearing in this cause and with the permission of this Court;

3. That the Defendants shall provide the Receiver with possession, access, custody and/or control of all records of the Receivership Entities, including the signing of any authorizations necessary to obtain records currently in the possession of any other entity.

4. That Defendants shall fully cooperate with the Receiver and his designees, appointee, agents or otherwise in all matters relating to the records and assets of the Receivership Entities, including any property acquired with such assets or the proceeds thereof, including but not limited to providing the Receiver with a full and complete listing of all of the Defendants' assets that are owned by them or are held by some other trust, corporation, limited liability company or any other entity for their use and/or benefit. Such listing shall describe the property, the location where held, account number and any other information that is needed to give a proper description of the property and its location and such listing shall be signed under oath to certify that the listing is a full and complete listing of all property that is held by each Defendant or for their benefit;

5. That the Receiver is directed to take exclusive custody, control and possession of all bank accounts, precious metals, gold or silver coins, foreign currency, goods, chattels, causes of action, credits, monies, investments, stock shares, effects, books and records of account, other papers and property, and all interests, whether real or personal, tangible or intangible, of whatever type, kind, or nature owned or held by the Receivership Entities, with full power to sue

for, collect, receive, and take possession of such properties and assets, wherever located, and to conserve and administer then under the supervision of the Court.

6. That the Court authorizes John Ryder as Receiver to take all actions reasonable necessary to protect and maximize the assets of the Receivership Entities, including but not limited to, engagement of a private security firm to immediately secure the physical locations of the Receivership Entities, secure any and all records, files and computers, secure any precious metals, coins, bullion, paper currency, bearer bonds or other tangible, liquid asset, and to transport any records, property, or asset of the Receivership Entities to a banking institution or other location deemed appropriate in the discretion and judgment of the Receiver;

7. That the Receiver has the power, duty and authority to trace, recover, and marshal the assets of the Receivership Entities and/or the assets of the Plaintiffs from various sources and bringing such funds into a bank or other financial institution in Memphis, Tennessee, under the protection of the Receiver, and to this end the Receiver is authorized to bring such actions against such persons or entities as deemed necessary and appropriate;

8. That John Ryder as Receiver shall contact all contact all financial, agency, trust or depository institutions maintaining accounts or safety deposit boxes for or on behalf of the Receivership Entities and employ whatever lawful means necessary to secure the funds in these, and any other accounts or secure locations, for the Receivership, and to amend the signature cards so that only those persons approved by the Receiver shall be permitted to withdraw upon such accounts or access such safety deposit boxes;

9. That John Ryder as Receiver shall secure from any financial institution where the Receivership Entities maintain property or accounts all financial information required by the Receiver and said financial institutions shall provide this information to the Receiver;

10. That all persons, firms, corporations and associations, including but not limited to Defendants, and their officers, directors, stockholders, members, subscribers, agents and all other persons in active concert or participation with them, are prohibited and enjoined from the transaction of further business of the Receivership Entities; from the waste, transfer or disposition of property of the Receivership entity, including but not limited to all assets that are held, or supposed to be held, to fulfill customer orders for precious metals, coins or otherwise; from doing any act or thing whatsoever to interfere with the taking control, possession and administration by the Receiver of the Receivership Entities or to in any way interfere with the Receiver, or to harass or interfere with the Receiver, or to interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Entities; from the institution or further prosecution of any actions or proceedings, except within this Receivership itself; from the making of any sale or deed for nonpayment of taxes or assessments that would lessen the value of the assets of the Receivership entity; from the withholding from the Receiver of books, accounts, documents or the records relating to the business of the Receivership Entities; from any other threatened or contemplated action that might lessen the value of the Receivership entity's assets or prejudice the rights of investors, creditors or any proceeding under the Receivership; or the obtaining of preferences, judgments, attachments or other liens, or the making of any levy against the Receivership entity or against its assets or any party thereof or from enforcing any lien upon. or taking or attempting to take possession of, or retaining possession of any receivership property or attempting to foreclose, forfeit, alter or terminate any interests of the Receivership entity, in any property, whether such acts are part of a judicial proceeding or otherwise, until further order of this Court; from accelerating the due date of any

obligation or claimed obligation; and that this Court further authorizes the Receiver to apply outside of Tennessee for the relief above described.

11. That the officers, managers, directors, trustees, owners, employees or agents of the Receivership Entities and any other persons with authority over or in charge of any segment of the Receivership Entitys' affairs and persons in control of assets, books and records of the Receivership entity, or their physical locations, including but not limited to any offices of the Receivership Entities, are required to cooperate with the Receiver in the carrying out of the Receivership. The term "person" shall include any person who exercises control directly or indirectly over activities of the Receivership Entities through any holding company or other affiliate of the Receivership Entities. "To cooperate" shall include, but shall not be limited to, the following: (1) to reply promptly in writing to any inquiry from the Receiver requesting such a reply; (2) to make available to the Receiver any books, bank and investment accounts, documents or other records or information or property of or pertaining to the Receivership entity and/or in possession, custody or control of the Receivership Entities. No person shall obstruct or interfere with the Receiver in the conduct of this Receivership.

12. That John Ryder as Receiver is authorized to employ such counsel, accountants, appraisers, managers, clerks, assistants and other persons as deemed necessary. The compensation of the Receiver, counsel, accountants, appraisers, managers, clerks, assistants and other persons and all expenses of taking possession of the Receivership Entities and of conducting the proceeding shall be approved by the Court and shall be paid out of the funds or assets of the Receivership Entities and such other funds as deemed appropriate by this Court. The persons appointed under this section shall serve at the pleasure of the Receiver.

13. That the Receiver may take such action as he deems necessary or appropriate to reform and revitalize the Receivership entity. He shall have all the powers of the directors, officers and managers, whose authority shall be suspended, except as they are delegated by the Receiver. He shall have full power to direct and manage, to hire and discharge employees subject to any contract rights they may have, and to deal with the property and business of the Receivership Entities. He shall have power to make such payments and disbursements from the Receivership Entities and incur such expenses as may be necessary and advisable in discharging his duties as Receiver, or for the proper conduct of any usual and lawful business of the Receivership entity. The Receiver may consult and cooperate with other state and federal authorities who may have jurisdiction over any parts of the property and business of the Receivership Entities.

14. That if it appears to the Receiver that there has been criminal or tortious conduct, or breach of any contractual or fiduciary obligation detrimental to the Receivership Entities by any officer, manager, agent, broker, employee or other person, he may pursue all appropriate legal remedies on behalf of the Receivership Entities, including but not limited to the making of criminal referrals to the appropriate state and/or federal authorities/law enforcement agencies.

15. That if the Receiver determines that reorganization, consolidation, conversion, merger, dissolution, liquidation or other transformation of the Receivership Entities is appropriate, he shall prepare a plan to effect such changes. Upon application of the Receiver for approval of the plan, and after such notice and hearing as the Court may prescribe, the Court may either approve or disapprove the plan proposed, or may modify it and approve it as modified. Any plan approved under this section shall be, in the judgment of the Court, fair and equitable to all parties concerned. If the plan is approved, the Receiver shall carry out the plan.

16.     That the Receiver shall have the power to void fraudulent transfers. Every transfer made or suffered and every obligation incurred by the Receivership Entities within one (1) year prior to the filing of the Motion for Appointment of a Receiver is fraudulent as to then existing and future creditors, if made or incurred without fair consideration, or with actual intent to hinder, delay or defraud either existing or future creditors. Transfers which are considered fraudulent may be voided by the Receiver, except as to a person who in good faith is a purchaser, lienholder or obligee for a present fair equivalent value, and except that any purchaser, lienholder or obligee, who in good faith has given a consideration less than fair for such transfer, lien or obligation, may retain the property, lien or obligation as security for repayment. The Court may, on due notice, order any such transfer or obligation to be preserved for the benefit of the estate, and in that event, the Receiver shall succeed to and may enforce the rights of the purchaser, lienholder or obligee.

17.     That any United States District Court or any court in this State before which any action or proceeding in which a Receivership Entity is a party, or is obligated to defend a party, is pending when a Receivership order against any Receivership Entity is entered shall stay the action or proceeding for ninety (90) days and such additional time as is necessary for the Receiver to obtain proper representation and prepare for further proceedings. The Receiver shall take such action respecting the pending litigation as he deems necessary in the interest of justice and for the protection of creditors and investors. The Receiver shall immediately consider all litigation pending outside this State and shall petition the Courts having jurisdiction over that litigation for stays whenever necessary to protect the estate of the Receivership entity.

18. That the Receiver may institute an action or proceeding on behalf of the Receivership entity upon any cause of action against which the period of limitation fixed by applicable law has not expired at the time of the appointment of the Receiver.

This order remains in effect until or unless further order of the Court modifies this order dismisses this action.

IT IS SO ORDERED, this the 21st day of October, 2013.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE